**Mary L. CLARK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 631–84L.**

United States Claims Court.

March 4, 1988.

As Amended on Denial of Motion to Withdraw Order from Publication May 18, 1988.

judicial system which is adversarial. Yet, there is a point at which rigorous representation must come to an end. In short, plaintiff should not waste this court's time by directing its attention to what at most appears to be a flyspeck on defendant's brief. If there is a problem with respect to a submission's required contents under RUSCC 83.1, format, size, number of copies, lack of timeliness, and the like, the court is confident that the Clerk's Office will promptly bring the matter to the court's attention. It is the obligation of both counsels as officers of the court to work cooperatively together to further the efficient administration of justice and the handling of each case. Accordingly, plaintiff's objection must be denied.

## ORDER

SMITH, Chief Judge.

Having reviewed plaintiff's objection to the filing of defendant's response to plaintiff's motion for summary judgment, this court finds that the objection has absolutely no merit. The objection contends that defendant's response is deficient on two counts. First, plaintiff contends that defendant failed to file its statement of genuine issues. Such is clearly not the case, however, for defendant did, in fact, file its statement of genuine issues on February 9, 1988. Plaintiff's second contention is that defendant's brief was in violation of the forty-page limit under RUSCC 83.1 because of defendant's attached appendix. While it is true that defendant's appendix put defendant's brief over forty pages, the excess pages are not in violation of the Claims Court rules. The Claims Court rules specifically provide that the forty-page limit is exclusive of appendix material. RUSCC 83.1(b)(1)(B).

This court understands that plaintiff's counsel has filed this objection in an attempt to further his client's interests in a